IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

TYSON EUGENE MARSHEK,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV604-066

J. TYSON STEPHENS, Sheriff;
BARBARA FANN, Jailor, Emanuel
County; JOHN/JANE DOE, as
ADMINISTRATOR OF THE ESTATE
OF PAUL CRAFT, Deceased, and
JOANN ROYAL, Jail Supervisor,
Emanuel County, all individually and in
their official capacities,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at the U.S. Medical Center for Federal Prisoners in Springfield, Missouri, filed this action under 42 U.S.C. § 1983 contesting the conditions of his confinement while he was incarcerated at the Emanuel County Jail in Swainsboro, Georgia. Plaintiff filed a Motion for Summary Judgment. Defendants Fann and Craft have filed a response, and Defendant Royal has filed a response.

## STATEMENT OF FACTS

Plaintiff asserts that on August 11, 2003, while incarcerated at the Emanuel County Jail in Swainsboro, Georgia, he was assaulted by employees of the Jail. Specifically, Plaintiff alleges that Barbara Fann entered his cell and began whipping and assaulting him with a belt, causing him bruising, abrasions, and great pain. He further alleges that after

AO 72A
(Rev. 8/82)

Fann left his cell, Defendant Paul Craft entered his cell and grabbed him around the neck in a "choke hold" and slammed his head back onto the concrete bunk frame. Finally, Plaintiff asserts that Craft and Defendant JoAnn Royal escorted him down a staircase and handcuffed and shackled him in a "pretzel like style, up-side down with the Plaintiff's head and neck on the concrete in dirty water and his feet physically affixed to the stair case" where he remained for "several hours."

Defendants contend that Defendant Fann went to Plaintiff's cell to remove Plaintiff because the cell's sprinkler head had been knocked off (allegedly by the Plaintiff), and the cell was flooding with water. Defendant Craft was called to assist. When Plaintiff became unruly, Craft came up behind Plaintiff and put Plaintiff's arm behind his back, escorted Plaintiff to the bottom of the stairs, and stood with him until the sprinkler head was replaced. After the cell was cleaned out, Defendant Craft escorted Plaintiff back into his cell. Defendant Royal was not in Plaintiff's cell at the time of incident.

## STANDARD OF DETERMINATION

Summary judgment should be granted only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The procedure for disposing of a summary judgment motion is well established. The Court may grant summary judgment to a party when, after a reasonable time for discovery, the evidence demonstrates that the nonmoving party has failed to establish an essential element of his case. The party moving for summary judgment bears the initial burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970). In applying this standard, the Adickes Court explained that a court should view the evidence and all factual inferences

2

in the light most favorable to the party opposing the motion. All reasonable doubts regarding the facts should be resolved in favor of the nonmovant. Adickes, 398 U.S. at 157, 90 S. Ct. at 1608.

Once the moving party has met this initial burden, the burden shifts to the opposing party to show that a genuine issue of material fact exists. Celotex Corp. v. Catrell, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The opposing party may not simply rest upon mere allegations or denials of the pleadings. Rather, the nonmoving party must make a sufficient showing of facts to establish the existence of an essential element to his case on which he will bear the burden of proof at trial. Id.; Barfield v. Brierton, 883 F.2d 923, 933 (11th Cir. 1989). To oppose the motion sufficiently after the movant has met his initial burden, the nonmoving party must point to evidence in the record or present additional evidence in the form of affidavits or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure. Riley v. Newton, 94 F.3d 632, 639 (11th Cir. 1996). If the record presents factual issues, the Court must deny the motion and proceed to trial. Herzog v. Castle Rock Entertainment, 193 F.3d 1241, 1246 (11th Cir. 1999). Summary judgment is also inappropriate where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. Id.

## DISCUSSION

Plaintiff has moved for Summary Judgment because he contends that Defendants, individually and collectively, violated his Eight Amendment right to be free from cruel and unusual punishment. Plaintiff has offered nothing more than his bare assertions that Defendants violated his Eighth Amendment rights. The Defendants offer a much different scenario and support their position by reference to affidavits and discovery responses,

3

AO 72A
(Rev. 8/82)

including Plaintiff's deposition. As genuine issues of material fact exist as to the events that occurred on August 11, 2003, summary judgment should not be granted to Plaintiff.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Motion for Summary Judgment (Doc. 151) be **DENIED**.

**SO REPORTED AND RECOMMENDED**, this 16th day of February, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)