IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

TYSON EUGENE MARSHEK,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV604-066

J. TYSON STEPHENS, Sheriff;
BARBARA FANN, Jailor, Emanuel
County; JOHN/JANE DOE, as
ADMINISTRATOR OF THE ESTATE
OF PAUL CRAFT, Deceased, and
JOANN ROYAL, Jail Supervisor,
Emanuel County, all individually and in
their official capacities,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at the Federal Correctional Institution in Milan, Michigan, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at the Emanuel County Jail in Swainsboro, Georgia. Movant Royal ("Royal") filed a Motion for Summary Judgment. Plaintiff filed a Response. Royal filed a Reply. For the following reasons, Royal's Motion for Summary Judgment should be **DENIED**.

## STATEMENT OF THE CASE

Plaintiff asserts that he was assaulted with a belt, and after he was assaulted with the belt, Royal and another jail officer handcuffed Plaintiff in an awkward, unnatural, and unnecessary position. Plaintiff contends that the handcuffs were so tight for so long that he lost all circulation and feeling in his arm and suffered nerve damage to his right thumb.

Plaintiff also contends that, as a result of being handcuffed, his back and neck hurt and he suffers from migraine headaches.

Royal asserts that there is no evidence that she knew that handcuffing Plaintiff to a rail in the jail created a substantial risk of harm and that she ignored that risk. Royal also asserts that Plaintiff suffered *de minimis* injuries only, which weighs considerably against a finding of a constitutional violation.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving

2

AO 72A
(Rev. 8/82)

party must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge her burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION OF AUTHORITY

I.  **Plaintiff's Assertion That Defendant Royal Used Excessive Force Against Him.**

The Eighth Amendment's prohibition against the use of cruel and unusual punishment governs the amount of force that a prison official is entitled to use. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison official's conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994). The subjective component requires a showing that the force used was "maliciously and sadistically for the very purpose of causing harm" rather than a good-faith effort to maintain or restore discipline. Whitley v. Albers, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 1085, 89 L. Ed. 2d 251 (1986). In order to determine whether the force was used for the malicious and sadistic purpose

3

of causing harm or whether the force was applied in good faith, the following factors are relevant: the need for the exercise of force, the relationship between the need for force and the force applied, and the extent of injury that the inmate suffered. Id. at 321, 106 S. Ct. at 1085.

Royal alleges that Plaintiff cannot satisfy either prong of his excessive force claim. Royal asserts that there is no evidence that she knew that handcuffing Plaintiff in the manner alleged was violative of Plaintiff's constitutional rights. Royal also asserts that Plaintiff's testimony during his deposition is "patently inconsistent" with the allegations Plaintiff makes in his Complaint that she maliciously and sadistically used force with the specific intent to cause Plaintiff harm. (Doc. No. 210, p. 13.) Royal contends that Plaintiff suffered only *de minimis* injuries, which mitigates against a finding of a constitutional violation. Royal avers that there is no evidence that helping another officer handcuff Plaintiff to the stair rail violated the "evolving standards of decency." (Doc. No. 210, p. 19.)

Plaintiff asserts that Royal assisted Defendant Craft in handcuffing Plaintiff to a staircase railing. According to Plaintiff, he was placed upside down in a contorted and extremely painful position. Plaintiff alleges that he told Royal that the handcuffs were cutting him and causing him pain and that Royal did not move Plaintiff from the position in which he was originally placed. Plaintiff also alleges that he lost feeling in his right thumb area and still has not regained feeling in this area. Plaintiff further alleges that he has suffered from migraine headaches since the day he was assaulted.[1] Plaintiff contends that

---

[1] Plaintiff raises the issue in his Response to Royal's Motion for Summary Judgment that she failed to intervene in the alleged assault by Defendants Fann and Craft. Plaintiff's Complaint, as amended, was not served upon Royal on this basis, and the Court will not allow Plaintiff to make such an assertion at this juncture of the proceedings.

4

the injuries he received as a result of this assault are not *de minimis*, though they are not as serious as some injuries may be.

A review of the documentation each party submitted in support of their position reveals that there are genuine issues of material fact which should be resolved by the trier of fact, not by the Court on Royal's Motion for Summary Judgment. First, Royal submitted her affidavit, and she contends that she did not participate in the "alleged shackling" of Plaintiff. (Doc. No. 207, Ex. B, p. 2, ¶ 6.) In contrast, in his affidavit, Plaintiff contends that Royal helped Defendant Craft to shackle him "upside down in a pretzel like fashion", that he complained to Royal that he was being hurt by the shackles, and that he told Royal that he could not feel his thumb. (Doc. No. 268, Ex. 1, p. 5, ¶¶ 19, 21, and 24.) Secondly, Royal submitted a copy of the transcript of Plaintiff's deposition. During his deposition, Plaintiff testified that he thought Royal is a "wonderful lady", that after she uncuffed him, Plaintiff hugged Royal as though she was his grandmother, and that Royal is a "real good woman" who probably only did what she was told. (Doc. No. 207, Ex. A, pp. 73, 146, and 213.) Plaintiff also testified that he felt bad about naming Royal as a defendant in this case, but that she should not have done what she did to him. (Doc. No. 207, Ex. A, p. 147.)

The parties' contentions, along with the corresponding documentation in support thereof, reveal that Plaintiff has shown that there is a genuine issues of material fact as to whether Defendant Royal used excessive force against Plaintiff, whether Plaintiff suffered any injuries, *de minimis* or otherwise, as a result of a use of force incident, and whether Defendant Royal was justified in using an excessive amount of force against Plaintiff. Accordingly, Defendant Royal is not entitled to summary judgment on this ground.

5

AO 72A
(Rev. 8/82)

## II.  Royal's Assertion That she is Entitled to Summary Judgment Based on Qualified Immunity.

Qualified immunity protects a government official performing discretionary functions from suit in her individual capacities, so long as her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Gonzalez v. Reno, 325 F.3d 1228, 1232 (11th Cir. 2003) (quoting Hope v. Pelzer, 536 U.S. 730, 739, 122 S. Ct. 2508, 2515, 153 L. Ed. 2d 666 (2002)). A government official must first prove that he was acting within his discretionary authority. Id. at 1233; Ray v. Foltz, 370 F.3d 1079, 1081-82 (11th Cir. 2004). "A government official acts within his or her discretionary authority if objective circumstances compel the conclusion that challenged actions occurred in the performance of the official's duties and within the scope of this authority." Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1185 n. 17 (11th Cir.1994). Once the government official has shown she was acting within her discretionary authority, the burden shifts to the Plaintiff to show that the Defendant is not entitled to qualified immunity. The Supreme Court has established a two-part test to determine the applicability of qualified immunity: First, the court must determine whether plaintiff's allegations, if true, establish a constitutional violation. Hope, 536 U.S. at 736, 122 S. Ct. at 2513. If, under the plaintiff's allegations, the defendant would have violated a constitutional right, the "the next, sequential step is to ask whether the right was clearly established." Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d 272 (2001); Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004).

Royal avers that she is entitled to qualified immunity because there is no evidence that her response to Plaintiff having flooded his cell was inappropriate under an Eighth

AO 72A
(Rev. 8/82)

Amendment analysis. Royal asserts that her attorney "reviewed Eleventh Circuit and Supreme Court precedent and [was] unable to find any authority for the proposition that a two-hour restraint of an inmate having just flooded his cell offends the Eighth Amendment." (Doc. No. 210, p. 25.) Plaintiff assert that it was well-established at the time of the alleged incident that inmates have the right to be free from the wanton and unnecessary infliction of pain, and, accordingly, Royal is not entitled to qualified immunity.

It is clearly established law that an inmate has an Eighth Amendment right to be free from the use of an excessive amount of force at the hands of jail or prison employees. Viewing the evidence in the light most favorable to Plaintiff, there appears to be a genuine issue of material fact as to whether Royal violated Plaintiff's Eighth Amendment rights. Royal is not entitled to summary judgment on this ground.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Motion for Summary Judgment filed by Defendant Royal (Doc. No. 207) be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this ___5th___ day of September, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)