FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 SEP 27  AM 11: 41

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

TYSON EUGENE MARSHEK,

    Plaintiff,

vs.                                   CIVIL ACTION NO.: CV604-066

J. TYSON STEPHENS, Sheriff;
BARBARA FANN, Jailor, Emanuel
County; JOHN/JANE DOE, as
ADMINISTRATOR OF THE ESTATE
OF PAUL CRAFT, Deceased, and
JOANN ROYAL, Jail Supervisor,
Emanuel County, all individually and in
their official capacities,

    Defendants.

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation which addressed a Motion for Summary Judgment filed by Defendant Royal, to which Objections have been filed. In her Objections, Royal contends that the Magistrate Judge erred in finding that she is not entitled to summary judgment based on qualified immunity or Plaintiff's underlying constitutional violation claim. Royal asserts that the Magistrate Judge was not detailed or thorough enough in light of controlling case law. Royal also asserts that it is undisputed that she was acting within her discretionary authority at the time of this incident, and accordingly, the burden shifted to Plaintiff to demonstrate that she violated a clearly established right. Royal further asserts that there was no "fair notice" that any action she may have taken against Plaintiff was

AO 72A
(Rev. 8/82)

violative of his constitutional rights. In fact, Royal avers, the Magistrate Judge stated in his frivolity determination that Plaintiff's claims "only 'arguably' stated a recoverable claim for relief" under 42 U.S.C. § 1983. Royal contends that this leads to the conclusion that she could not possibly have been on notice that her conduct violated the Plaintiff's constitutional rights. (Doc. No. 302, pp. 8-9.) Royal alleges that Plaintiff's actions in flooding his cell called for intervention by Emanuel County jailors. Royal also alleges that the statements contained in Plaintiff's affidavit do not support the conclusion that she knew that her conduct would result in injury or harm to Plaintiff. Royal asserts that Plaintiff testified during his deposition that Royal only did what she did because someone told her to do so; this, Royal contends, shows that she lacked the requisite subjective intent to harm Plaintiff. In addition, Royal asserts that Plaintiff's affidavit should not be considered under the sham affidavit rule because his affidavit is in contravention to his deposition testimony.

The undersigned concurs with the Magistrate Judge's analysis concerning Plaintiff's excessive use of force claim. Plaintiff successfully created a genuine issue of material fact as to whether the amount of force Royal used against him was applied in good faith or for the purpose of causing Plaintiff harm. It is a jury's role to resolve this factual dispute, not the Court on a motion for summary judgment.

Royal's contention that Plaintiff's affidavit offered in opposition to her motion should be disregarded as a "sham" warrants some discussion. In support of her position that Plaintiff's affidavit is a sham and should be disregarded, Royal cites McCormick v. City of Fort Lauderdale, 333 F.3d 1234 (11th Cir. 2003), and the McCormick case cites to Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656 (11th Cir. 1984). In Junkins, the plaintiff provided an affidavit in opposition to defendant's motion for summary judgment.

2

The district court considered this affidavit and found it to partially contradict Junkins' deposition testimony given at an earlier time. The district court determined that Junkins' affidavit was a sham and granted defendant's motion for summary judgment. Junkins, 736 F.2d at 656. In agreeing with the district court that the plaintiff's affidavit was a sham, the Eleventh Circuit stated, "When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." Id. at 657. However, the Eleventh Circuit also stated "there may be some occasions where a party may by affidavit clarify testimony given in his deposition and thereby create a genuine issue as to a material fact." Id. at 656. The portions of Plaintiff's deposition testimony Royal quotes do not contradict the allegations Plaintiff set forth in his affidavit. Royal asserts that Plaintiff did not relay any facts during his deposition which would indicate that he protested about being shackled to the stair rail in the manner he contends he was in his Complaint and in his affidavit. It is not as though Plaintiff stated in his deposition that he made no protestations whatsoever about being shackled. The undersigned fails to see how Plaintiff has contradicted himself as to any material fact. Royal appears to want this Court to engage in a credibility determination; however, this is not the proper role of the Court. McCormick, 333 F. 3d at 1240 n.7 (stating that issues of credibility and the weight afforded to certain evidence are determinations appropriately made by a finder of fact and not a court deciding a motion for summary judgment).

The undersigned, though in agreement with the Magistrate Judge's qualified immunity analysis, wishes to elaborate a little further on this issue. The undersigned finds

3

Royal's contention that she was not on fair notice at the time of this alleged incident that her actions (according to Plaintiff's version) were violative of Plaintiff's constitutional rights a little disingenuous. Accepting as true that Plaintiff's conduct in flooding his cell and causing the sprinkler system to activate required him to be removed from his cell, Plaintiff's actions may not have required him to be shackled in the manner or for the amount of time he contends he was. Royal and the other Defendants have presented evidence that Plaintiff was swinging a broom at officers, whereas Plaintiff contends that he did nothing more than flood his cell to gain an officer's attention. There is a genuine issue of material fact as to whether there was a need for officers to use force against Plaintiff and whether the amount of force exerted upon him was reasonable or excessive in light of the circumstances. The Court realizes that Royal's actions in this case may not have been as egregious or as obvious a violation of Plaintiff's right to be free from cruel and unusual punishment as in other cases, but this does not, *ipso facto*, mean that any reasonable officer in Royal's position at the time of the incident would consider her alleged conduct to be within the mandates of this Circuit's precedent.

The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Defendant Royal's Motion for Summary Judgment (Doc. No. 207) is **DENIED**.

**SO ORDERED**, this 27 day of September, 2006.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)